Joanna M. Fuller (SBN 266406)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
E-mail: jfuller@fr.com

Elizabeth E. Brenckman (*pro hac vice to be filed*)
New York State Bar No. 5272042
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
E-mail: brenckman@fr.com

*Attorneys for Non-Party Lindsay Hunt*

FILED
NOV 02 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

YETI COOLERS, LLC,

   Plaintiff,

v.

WALMART INC., and REAL VALUE, LLC, d/b/a SIMPLE MODERN,

   Defendants.

Case No. CV 18-80-191 MISC

(Underlying Case No. 17-cv-01145-RP (W.D. Tex.))

NON-PARTY LINDSAY HUNT'S MOTION TO QUASH THE AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Date:
Time:
Dept.:
Hon.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

   NOTICE IS HEREBY GIVEN that on _____ at _____, or as soon thereafter as the matter may be heard, in Courtroom __ of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, non-party Lindsay Hunt will, and hereby does, move this Court pursuant to Rules 26 and 45 of the Federal

NON-PARTY LINDSAY HUNT'S MOTION TO QUASH THE AMENDED SUBPOENA TO   CASE NO.
TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Rules of Civil Procedure for an order quashing the Amended Subpoena to Testify at a Deposition in a Civil Action dated September 26, 2018 and directed to Ms. Hunt by Plaintiff YETI Coolers, LLC.

As addressed in the memorandum below, the amended subpoena should be quashed in its entirety because Ms. Hunt is a non-party to the action between YETI Coolers, LLC and Walmart Inc. and Real Value, LLC d/b/a Simple Modern and the subpoena to testify at a deposition creates a significant undue burden for Ms. Hunt that is not proportionate to the needs of the case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure and Rule 7-2 of the Local Civil Rules of the United States District Court for the Northern District of California, by and through the undersigned attorneys, non-party Lindsay Hunt respectfully files this Motion to Quash the Amended Subpoena to Testify at a Deposition in a Civil Action (Exhibit A, hereinafter "the Amended Subpoena"),[1] served by Plaintiff YETI Coolers, LLC ("YETI"). The Amended Subpoena creates a significant undue burden for Ms. Hunt that is not proportionate to the needs of this case. Specifically, YETI has provided no basis for deposing Ms. Hunt—a former Walmart employee—before even taking a single deposition of current Walmart employees (corporate designees or otherwise). Ms. Hunt's expected testimony will be duplicative of other, less burdensome, sources of that information, and YETI has not indicated otherwise. Accordingly, the Court should quash the Amended Subpoena.

### I.   BACKGROUND

On December 8, 2017, YETI filed a complaint against Walmart Inc. ("Walmart") in the United States District Court for the Western District of Texas. *See* Complaint, YETI Coolers, LLC v. Wal-Mart Stores, Inc., No. 17-cv-01145-RP (W.D. Tex. Dec. 8, 2017), ECF No. 1. YETI's complaint alleged claims against Walmart for breach of contract, trademark and trade

---

[1] All Exhibits as noted herein accompany the Declaration of Joanna M. Fuller In Support of Non-Party Lindsay Hunt's Motion to Quash the Amended Subpoena to Testify at a Deposition in a Civil Action, filed herewith.

Case 3:18-mc-80191-LB Document 1 Filed 11/02/18 Page 3 of 10

dress infringement, trademark and trade dress dilution, copyright infringement, patent infringement, unfair competition, misappropriation, and unjust enrichment. *Id.*

On May 25, 2018, Walmart disclosed Ms. Hunt in its initial disclosures as a Walmart employee with relevant knowledge and discoverable information relating to: (1) the policies of the "Walmart Marketplace" platform at issue in the case; (2) Walmart's policies and procedures for monitoring compliance with the terms of use of the Walmart Marketplace; and (3) Walmart's policies and procedures for responding to notices of alleged intellectual property infringement in connection with the Walmart Marketplace. *See* Exhibit B. In July 2018, Ms. Hunt ended her employment with Walmart.[2] *See* Decl. of Joanna M. Fuller in Support of Non-Party Lindsay Hunt's Motion to Quash the Amended Subpoena to Testify at a Deposition in a Civil Action ("Fuller Decl."), at ¶ 6.

On August 29, 2018, YETI filed a First Amended Complaint, adding Real Value, LLC, d/b/a Simple Modern as a defendant and adding claims of indirect trademark, trade dress, copyright, and patent infringement, indirect trademark and trade dress dilution, and fraud. *See* Amended Complaint, YETI Coolers, LLC v. Wal-Mart Stores, Inc., No. 17-cv-01145-RP (W.D. Tex. Aug. 29, 2018), ECF No. 67. Also on August 29, 2018, the court entered a Scheduling Order setting the close of fact discovery for March 12, 2019. *See* Scheduling Order, YETI Coolers, LLC v. Wal-Mart Stores, Inc., No. 17-cv-01145-RP (W.D. Tex. Dec. 8, 2017), ECF No. 68.

On September 26, 2018, YETI notified Walmart of its intent to serve a Subpoena for the Production of Documents, and a Subpoena for Testimony ("Original Subpoenas") on Ms. Hunt. *See* Exhibits C–E. The Original Subpoenas requested that Ms. Hunt produce responsive documents by October 8, 2018,[3] and set the date for Ms. Hunt's deposition on October 11, 2018

---

[2] Ms. Hunt understands that Walmart will be serving amended initial disclosures to remove her name and identify a current Walmart employee as having discoverable information that Walmart may use to support its claims or defenses.

[3] The subpoena for documents identifies six requests for documents relating to: (1) the operation of the Walmart website and/or the Walmart Marketplace; (2) the policies, practices, and/or procedures for the Walmart website and/or the Walmart Marketplace; (3) Walmart's control or

-3-
NON-PARTY LINDSAY HUNT'S MOTION TO QUASH THE AMENDED SUBPOENA TO     CASE NO.
TESTIFY AT A DEPOSITION IN A CIVIL ACTION

(only 12 and 15 days after the initial notice, respectively). *See* Exhibit C. On October 1, 2018, Walmart's counsel informed YETI that it would also be representing Ms. Hunt, and would accept service of the Original Subpoenas on her behalf. *See* Exhibit F.

On October 11, 2018, Ms. Hunt's counsel informed YETI that Ms. Hunt does not have any documents responsive to YETI's Original Subpoena and that they were coordinating with Walmart's in-house counsel to provide potential dates for Ms. Hunt's deposition. *See* Exhibit G. On October 25, 2018, YETI provided Ms. Hunt's counsel with a copy of an Amended Subpoena, commanding Ms. Hunt to appear for a deposition on November 7, 2018. *See* Exhibit A.

After receiving the Amended Subpoena, Ms. Hunt's counsel informed YETI that Ms. Hunt was currently out of the country and would not be available to appear at the deposition scheduled for November 7, 2018. *See* Exhibit H. Ms. Hunt's counsel also reminded YETI that Ms. Hunt is a third-party witness, and that, with the close of discovery still many months away, YETI's insistence on scheduling Ms. Hunt's deposition with such short notice was inappropriate, especially given that YETI was seeking to depose Ms. Hunt before deposing Walmart's corporate designees or any Walmart employees. *See id.*

YETI has not provided any rationale for its decision to seek Ms. Hunt's deposition before taking the depositions of any of Walmart's employees. At this point, YETI's continued harassment of Ms. Hunt to schedule a deposition more than four months before the close of fact discovery, and before attempting to obtain the necessary information by deposing any party witnesses, has necessitated the filing of this motion to prevent any further harassment.

## II.   LEGAL STANDARD

It is well-settled that a non-party recipient of a Rule 45 subpoena can file a motion to quash the subpoena when it "subjects a person to undue burden." *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014). On a party's motion, "[t]he court may, for good cause,

---

influence over the Walmart website and/or the Walmart Marketplace; (4) the application and approval process for becoming a member of and/or seller on the Walmart website and/or the Walmart Marketplace; (5) Walmart's monitoring, approval, disapproval, and/or removal of content from the Walmart website and/or the Walmart Marketplace; and (6) products offered, sold, or listed on the Walmart website and/or the Walmart Marketplace.

-4-

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 45(d)(3)(A). "An evaluation of undue burden 'requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. . . .'" *St. Paul Mercury Ins. Co. v. Centex Homes*, No. 2:15-cv-0037 TLN KJN, 2015 U.S. Dist. LEXIS 154089, at *4 (E.D. Cal. Nov. 13, 2015) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)).

Furthermore, "'concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *see also Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting same); *Dart Indus. Co., Inc. v. Westwood Chem. Co.*, 649 F.2d 646 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery."); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances.").

Therefore, when a subpoena seeks a non-party's deposition and the expected testimony will be duplicative of another, less burdensome, source of that information, the subpoena should be quashed. *See Amini Innovation*, 300 F.R.D. at 409 ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party."); *see also Moon*, 232 F.R.D. at 638 (granting motion to quash a non-party subpoena as an undue burden where the party had not shown that it attempted to obtain the discovery from a party); *Dart Indus. Co.*, 649 F.2d at 649 (discovery restrictions may be even broader where target is non-party); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (D.C. Cir. 1993) (affirming order requiring party to first attempt to obtain discovery from opposing party rather than non-party).

## III. ARGUMENT

YETI's Amended Subpoena for the deposition testimony of Ms. Hunt creates a significant undue burden for a non-party that is not proportionate to the needs of this case.

Although Walmart identified Ms. Hunt in its initial disclosures as a potential witness, she has since left Walmart and a new employee has taken over her previous role. *See* Fuller Decl. at ¶ 6. YETI can thus obtain the information that it seeks concerning Walmart's policies for the Walmart Marketplace from Ms. Hunt's replacement, or other Walmart employees, without burdening Ms. Hunt.

Courts routinely grant motions to quash where the party serving the subpoena could have obtained duplicative testimony from a less burdensome source of information. *See, e.g., Amini Innovation*, 300 F.R.D. at 409, 412 (granting motion to quash where information sought could be obtained from named party and its officers, which outweighed any need to comply with the subpoena); *see also Moon*, 232 F.R.D. at 638 (granting motion to quash a non-party subpoena as an undue burden where the party had not shown that it attempted to obtain the discovery from a party).

In this case, YETI has not deposed any of Walmart's current employees or even served a Notice of Deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. And YETI has not articulated any unique knowledge that Ms. Hunt possesses.[4] As such, YETI's continued attempts to schedule Ms. Hunt's deposition on short notice is an unreasonable abuse of discovery, particularly given that fact discovery is not set to close for another four months.

## IV. CONCLUSION

There is no need for YETI to impose the significant undue burden of a deposition on a non-party witness when YETI has failed to first obtain deposition testimony from any Walmart party witnesses or corporate designee. Accordingly, Ms. Hunt respectfully requests that the Court quash the Amended Subpoena in its entirety.

---

[4] At a minimum, YETI should be precluded from taking Ms. Hunt's deposition until after it has sought and taken relevant discovery from Walmart such that it can be assessed whether Ms. Hunt's testimony is necessary at all.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: November 2, 2018 | By: /s/ Joanna M. Fuller |
| | Joanna M. Fuller (SBN 266406) |
| | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real |
| | San Diego, California 92130 |
| | Telephone: (858) 678-5070 |
| | Facsimile: (858) 678-5099 |
| | E-mail: jfuller@fr.com |
| | |
| | Elizabeth E. Brenckman *(pro hac vice to be filed)* |
| | New York State Bar No. 5272042 |
| | FISH & RICHARDSON P.C. |
| | 601 Lexington Avenue, 52nd Floor |
| | New York, New York 10022 |
| | Telephone: (212) 765-5070 |
| | Facsimile: (212) 258-2291 |
| | E-mail: brenckman@fr.com |

## PROOF OF SERVICE

I hereby certify that a true and correct copy of Non-Party Lindsay Hunt's Motion to Quash the Amended Subpoena to Testify at a Deposition in a Civil Action has been served on November 2, 2018 to the interested parties in this action by overnight delivery by Federal Express and email to the addresses listed below:

| | |
|---|---|
| Joseph R. Knight<br>jknight@ebbklaw.com<br>Ewell, Brown, Blanke, & Knight LLP<br>111 Congress Avenue<br>Suite 2800<br>Austin, Texas 78701 | Eric J. Hamp<br>ehamp@bannerwitcoff.com<br>Joseph J. Berghammer<br>jberghammer@bannerwitcoff.com<br>Marc S. Cooperman<br>mcooperman@bannerwitcoff.com<br>Kevin Dam<br>kdam@bannerwitcoff.com<br>Zachary Lyle Getzelman<br>zgetzelman@bannerwitcoff.com<br>Banner & Witcoff, Ltd.<br>71 South Wacker Drive, Suite 3600<br>Chicago, IL 60606 |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on November 2, 2018, in San Diego, California.

By: _____
Joanna M. Fuller

---

NON-PARTY LINDSAY HUNT'S MOTION TO QUASH THE AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION        CASE NO.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| YETI COOLERS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALMART INC., and REAL VALUE, LLC, d/b/a SIMPLE MODERN,<br><br>　　　　　Defendants. | Case No. _____<br><br>(Underlying Case No. 17-cv-01145-RP (W.D. Tex.))<br><br>**[PROPOSED] ORDER GRANTING NON-PARTY LINDSAY HUNT'S MOTION TO QUASH THE AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

Having carefully considered Non-Party Lindsay Hunt's Motion to Quash the Amended Subpoena to Testify at a Deposition in a Civil Action, the Court orders as follows:

The Motion is GRANTED, and the subpoena to testify at a deposition issued by Plaintiff YETI Coolers, LLC to Ms. Hunt is quashed in its entirety.

**IT IS SO ORDERED.**

Dated: _____              _____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROPOSED ORDER                                              CASE NO.

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611137864
Cashier ID: sprinka
Transaction Date: 11/02/2018
Payer Name: NATIONWIDE LEGAL LLC
---------------------------------------
MISCELLANEOUS PAPERS
 For: lindsay hunt
 Case/Party: D-CAN-3-18-MC-080191-001
 Amount:      $47.00
---------------------------------------
PAPER CHECK CONVERSION
 Check/Money Order Num: 5025382
 Amt Tendered:  $47.00
---------------------------------------
Total Due:      $47.00
Total Tendered: $47.00
Change Amt:     $0.00

lb
```

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.